*Sizemore, for appellant.*

*Yeaman, for appellees.*

---

## O. H. PERRY, ETC., *v.* JOHN D. SCOTT, ETC.

**Arbitration and Award—Unanimity of Decision.**

Under ch. 3, R. S., relating to submission of controversies to arbitration, all the arbitrators and the umpire, if there be one, should act together, and if there is no umpire, an award shall be the joint decision of the arbitrators, unless the parties agree to be bound by the action of the majority.

**Arbitration and Award—Umpire.**

The right to act as umpire can only be conferred by a rule of court from which the arbitrators derive their authority.

**Arbitration and Award—Application of Statute.**

> Section 3, ch. 21, R. S., does not apply to arbitrators who do not derive their authority directly from the statute, but from agreement of the parties or rule of the court.

## APPEAL FROM JESSAMINE CIRCUIT COURT.

### June 9, 1873.

OPINION BY JUDGE LINDSAY:

The order of court under which the arbitrators acted in this matter, does not designate either of them as umpire, nor in terms or by implication invest two of them with authority to make and return an award.

By Sec. 1, Chapter 3, Revised Statutes, it is provided "That all controversies which might be the subject of a suit or action may be submitted to the decision of one or more arbitrators, or to two and their umpire, in the manner provided in this chapter. If any arbitrator shall fail or refuse to act, the court may set aside the order of reference." Sec. 5, Ib. They (the arbitrators) and their umpire, if there be one, shall meet together and hear evidence, and when their award is made, shall reduce it to writing and sign it. Sec. 6, Ib. It is evident from the provisions of this chapter that it is intended that all the arbitrators and the umpire, if there be one, shall at all times sit and act together, and when there is no umpire, that the award shall be the joint decision of all the arbitrators. Such was the rule prior to the adoption of the Revised Statutes and the Civil Code of Practice, and there is nothing in the provisions of either necessarily indicating an intention on the part of the legislature to change such rule. The fact that an umpire may be appointed, or that the controversy may be submitted to one or more arbitrators without an umpire, evidences the fact that it was contemplated that the old practice should continue unless the parties availed themselves of that right, thus recognized, of leaving any differences that might arise between two arbitrators settled by the intervention of an umpire. When three or more arbitrators are appointed, neither one of them has the right to assume the power or exercise the powers of an umpire. Such powers must be expressly conferred by the rule of court from which the arbitrators derive all their authority.

The arbitrators must all act, and act together, not only in hearing the evidence and statements of the parties, and in conducting the arbitration, but in making the award. The parties are not only entitled to the suggestions and arguments of each and all of them, but (unless they agreed to be bound by the final action of a majority) to have a decision which according to the best judgment of each and all of them conforms to the "law and evidence and the equity of the case."

It is eminently proper that such should be the rule. An award, unlike the findings or judgments of ordinary tribunals, is not open to revision. It can not be set aside for mistake of law or fact, by the court to which it is returned, nor can it be revised by appeal.

Courts of equity it is true have power over awards, as heretofore (Sec. 8, Ib.), but they can not interfere unless it be shown that the decision was procured by the fraud or misconduct of the successful party, or that the arbitrators acted from corrupt motives or were guilty of a mistake so palpable as to evidence partiality or corruption. *Callant, etc., v. Downey,* 2 J. J. Marshall 346; *Baker's Heirs v. Crockett,* Hardin Reports 396.

Sec. 3, Chapter 21, Revised Statutes, does not in our opinion apply to arbitrators who do not derive their authority directly from the statutes, but from the agreement of the parties or the rule of court.

As one of the arbitrators refused to unite in the award in this case it was properly set aside and the parties taking no steps to proceed further with the arbitration, the court did not err in striking the cause from the docket.

*Bronaugh, Anderson, Breckenridge, Buckner, for appellant.*

*B. P. Campbell, for appellee.*