JOHN GAINES and others *vs.* N. P. CLARK and others.

June 26, 1876.

**Arbitration—Objections to Award, when to be Made.**—If either party to an arbitrament under the statute has any reason to urge why the award of the arbitrators shall not stand, it is his duty to present such reason to the court when the application to confirm the award, and for judgment on it, is made; and if he fails, without excuse, to present it at that time, he cannot afterwards be heard upon it.

Appeal by defendants from an order of the district court for Hennepin county, *Vanderburgh*, J., presiding, denying a motion to set aside a judgment in favor of plaintiffs, entered on an award of arbitrators.

*Atwater & Babcock*, for appellants.

*Chas. J. Bartleson*, for respondents.

GILFILLAN, C. J. This is an appeal from an order of the district court denying a motion to vacate a judgment entered upon the award of arbitrators, in a submission under the statute.

The articles of submission were executed June 23, 1875, and submitted to the arbitrament of three persons named all demands between the parties, and all the demands which either of them had against the other, and provided that their award should be filed within twelve days from that day; but that, if either party should be unable to procure the attendance of his witness at the time appointed for a hearing, the matter should be adjourned from time to time; and, if the testimony could not all be procured within the twelve days, the time to file the award should be extended ten days after the matter should be finally closed. An award, signed by two of the arbitrators, was filed July 7, 1875. On July 17th these respondents moved, at a special term, for confirmation of the award, and for judgment upon it. The appellants appeared, on the motion, and the hearing of it was postponed to July 24th, at which time both parties appeared, and the award was confirmed, and judgment ordered and entered upon it. An execution was issued, and a. levy made on property of appellants. Thereupon they made the motion to vacate the judgment, on the ground that, after the hearing before the arbitrators, they learned for the first time that they had a large claim against the respondents, which, by reason of their not knowing of it, was not proved before the arbitrators'.

From the moving-papers it appears that the hearing before the arbitrators was closed June 25th; that, on June 28th, the appellants prepared a petition, setting forth their newly-discovered claim, and asking for a rehearing, and gave it to the arbitrator who did not sign the award. It appears that neither of the others knew anything of the petition, nor of the matters contained in it. It does not appear that, upon either of the occasions when the application to confirm the award was before the court, the attention of the court was in any way called to the petition for a rehearing, or to the newly-discovered claim, and no excuse is shown for not bringing the matter to its attention at that

time; and this is conclusive against the appellants. If they had any reason to urge why the award should not stand, they had an opportunity to present it, and it was their duty to present it, when the application to confirm and for judgment was made; and, as they failed to do so, without any excuse for such failure, they ought not to be heard after the judgment.

Order affirmed.