THOMAS J. BARNEY *vs.* M. T. C. FLOWER and another.

January 7, 1881.

Statutory Submission to Arbitration—Acknowledgment.—In a submission to arbitration under the statute, the agreement to submit must be acknowledged before a justice of the peace. An acknowledgment before any other officer will not do. The proper acknowledgment cannot be afterwards waived by the parties, even though that objection is not made on the application to confirm the award, and for judgment on it. A judgment entered on such award is erroneous.

Thomas J. Barney, of the one part, and M. T. C. Flower and H. P. Winder of the other, entered into an agreement to submit to three arbitrators therein named all matters of dispute between them growing out of a lease of certain real estate from the former to the latter, the submission providing that, the award being made and reported to the district court for Ramsey county, final judgment should be entered thereon in that court. The arbitrators having made an award in favor of Barney, he moved for judgment thereon. The motion was opposed, but was granted by *Simons,* J., and judgment was entered, from which Flower and Winder appealed.

*C. K. Davis* and *E. S. Chittenden,* for appellants.

*Lamprey & James,* for respondent.

In making the submission all that is necessary is a substantial compliance with the requirements of the statute. *Bacon* v. *Ward,* 10 Mass. 141; *Bloomer* v. *Sherman,* 5 Paige, 575; *Hill* v. *Taylor,* 15 Wis. 208; *Wright* v. *Raddin,* 100 Mass. 319. If parties appear before arbitrators illegally appointed or chosen, they waive the defect. *Mitchell* v. *Wilhelm,* 6 Watts, 259; *Cutter* v. *Whittemore,* 10 Mass. 442.

GILFILLAN, C. J. Of the many objections made by the appellant to the judgment appealed from we shall notice but one, as that is fatal to the judgment. The statute regulat-

ing the submission of controversies to arbitrators provides, (Gen. St. 1878, *c.* 89, § 3,) "The parties shall appear in person, or by their lawful agents or attorneys, before any justice of the peace, and shall there sign and acknowledge an agreement, in substance as follows:   \*   \*   \*"   Of the three persons entering into the agreement to submit to the arbitration, two only acknowledged before a justice of the peace, and they not before the same justice, and a third acknowledged before a notary public.

The jurisdiction of the arbitrators under the statute over the matter referred to them depends on a compliance with the statute. It is a special jurisdiction, which can be created only in the manner prescribed by the statute. Every material requirement of the statute must be complied with. Among them is the acknowledgment prescribed. *Heath* v. *Tenney*, 3 Gray, 380; *Abbott* v. *Dexter*, 6 Cush. 108; *Franklin Mining Co.* v. *Pratt*, 101 Mass. 359; *Fink* v. *Fink*, 8 Iowa, 312.

That the acknowledgment shall be made before a justice is made by the terms of the statute as essential as the signing. It is argued that what the statute aims at is to have the agreement acknowledged; that the acknowledgment is the material thing, and that it is immaterial before what officer it is made, if he have authority to take acknowledgments. We do not know why the legislature required the acknowledgment to be taken by a justice of the peace, rather than by any other officer; but it has so required, and courts have no more right to treat an acknowledgment before any other officer as a compliance with the statute than they have to dispense with the acknowledgment altogether, and substitute some other mode of proof of the signing. The submission, therefore, though it may have been good as a submission to arbitration at the common law, did not give to the proceedings the character required to authorize a judgment to be entered on the award under the statute. The appear-

ance, without objection, of the parties before the arbitrators could not give the proceedings that character. The want of the statutory jurisdiction could not be waived. The arbitrators could not be constituted the statutory tribunal by acquiescence of the parties, nor by any other mode than that pointed out by the statute. The court below should have rejected the award.

The respondent also insists, upon the authority of *Gaines* v. *Clark*, 23 Minn. 64, that by failing to make this objection in the court below, on the application for judgment on the award, the appellant is concluded from making it here. The record shows that the application was opposed—on what ground, does not appear. In *Gaines* v. *Clark* there was a statutory award; and, where such is the case, any objection to judgment on it must be made in the court below. In this case there was no statutory award—nothing to sustain a judgment under the statute. The objection is like that to the absence of a complaint, or to the insufficiency of a complaint, which is not waived merely by omitting to object to it in the court below. We do not think, as some cases hold, that the fact that the award is not entitled to the effect which the statute gives to one entirely regular affects the jurisdiction of the district court in a case where the parties have evidently attempted to follow the statute. That court has authority to determine whether the statute has been complied with; but if it render judgment on an award not statutory, its judgment is erroneous.

Judgment reversed.