CHARLES HEGLUND *vs.* ARLAND H. ALLEN.

November 24, 1882.

**Arbitration—Objections to Validity of Submission.**—Upon an appeal to this court from a judgment entered upon the award of arbitrators under the statute, the appellant may make any objection to the validity of the submission, though not raised in the court below; but this court will not hear any matter of error or irregularity in the proceedings after a valid submission,—as that, of three arbitrators, only two acted,—unless the objection was made in the court below.

**Same—Description of Subject-Matter held Sufficient.**—A description of the demands submitted as "all demands between the said parties which either of them has against the other, arising upon a controversy between them upon the claim of said H. for a balance due for building a dwelling-house for said Allen in the years 1877-8, and all claims and demands against them, of any nature and kind, growing out of said building," is sufficient.

**Same—Extension of Time for Making Award.**—Under Gen. St. 1878, c. 89, § 8, the parties to a submission to arbitrators may vary the time for making the award without the formalities prescribed in section 3 of the same chapter. After the award has been filed, the court may entertain all the further proceedings on it in vacation.

Appeal by Charles Heglund from a judgment of the district court for Goodhue county, *Crosby*, J., presiding, confirming an award of arbitrators upon a submission under Gen. St. 1878, c. 89. The case is stated in the opinion.

*W. Colvill* and *Henry Johns*, for appellant.

The agreement extending the time in which to make the award was an enlargement of the submission and a material alteration. The award is therefore void, the submission not having been made in conformity with the statute. *Barney* v. *Flower*, 27 Minn. 403; *Franklyn Mining Co.* v. *Pratt*, 101 Mass. 359; *Evans* v. *Thompson*, 5 East, 189; *George* v. *Farr*, 46 N. H. 171; *Brown* v. *Copp*, 5 N. H. 223; *Tudor* v. *Peck*, 4 Mass. 242; *Myers* v. *Dixon*, 2 Hall, (N. Y.) 456; *Brookins* v. *Shumway*, 18 Wis. 98; *Bloomer* v. *Sherman*, 5 Paige,

575; 1 Stephens' *Nisi Prius*, 105; Morse on Arbitration and Award, 50, 51, 85.

The matters submitted to arbitration are not stated with sufficient or any certainty in the submission. *Roberts* v. *Mariett*, 2 Saund. 188; *Byers* v. *Van Deusen*, 5 Wend. 268; *Efner* v. *Shaw*, 2 Wend. 567; *McNear* v. *Bailey*, 18 Me. 251; *De Long* v. *Stanton*, 9 John. 38; *Woodward* v. *Atwater*, 3 Iowa, 61; *Houghton* v. *Houghton*, 37 Me. 72; *King* v. *Jemison*, 33 Ala. 499; *Tuskaloosa Bridge Co.* v. *Jemison*, 33 Ala. 476; Morse on Arbitration and Award, 47, 53, 63, 64.

*J. C. McClure*, for respondent.

GILFILLAN, C. J. May 12, 1881, these parties, pursuant to the statute, and by an instrument duly executed and acknowledged before a justice of the peace, submitted a controversy between them to three arbitrators, the award of whom, or the greater part of whom, was to be filed within twenty days from that date. May 17th, by an instrument in writing signed by them but acknowledged before a notary public only, they agreed that the time to make the award should be extended to July 12th then following. The three arbitrators were duly sworn, and July 2d two of them made an award, which was filed in the district court, and opened by the judge thereof, July 5th. On November 1st, on the motion of Allen, upon due notice, the matter of confirming the award was before the court, at the judge's chambers, and, by order dated November 11th, it was in all things confirmed; and April 22, 1882, judgment in favor of Allen and against Heglund for $319 was duly entered, and from that judgment the latter appeals to this court. It appears from the record that the parties were heard as to the matter of the confirmation of the award, but whether any objections were made to its confirmation, or if so, what objections, does not appear.

This rule may be regarded as established by *Gaines* v. *Clark*, 23 Minn. 64, and *Barney* v. *Flower*, 27 Minn. 403, that any objection going to the jurisdiction of the arbitrators—that is, to the validity of the submission, a valid statutory submission being the basis of jurisdiction in the district court to order judgment on the award—may be made at any time; may be made here on appeal, though not made

in the district court; but that any error or irregularity in the proceedings on a valid submission will not be considered here unless called to the attention of and passed on by that court. This covers the objection made upon the fact that only two of the three arbitrators signed the award, from which fact it is claimed that only two took part in the hearing.

There are two objections which go to the validity of the submission. These are—*First,* that the demands submitted are not sufficiently described in the instrument of submission; *second,* that the agreement extending the time for making the award is void, because not acknowledged before a justice of the peace.

The demands are described as "all demands between the said parties which either of them has against the other, arising from a controversy between them upon the claim of said Heglund for a balance due him for building a certain dwelling-house for said Allen in the years 1877–8, and all claims and demands against them of any nature and kind growing out of said building." This is not so specific as would be required in a pleading, nor is it necessary that it should be; all that is necessary is that the demands should be described sufficiently to be identified. The demands here are identified by reference to the transaction out of which they grew, or with which they are connected, to wit, the building of a dwelling-house for Allen in the years 1877–8. This is sufficient.

The validity of the agreement extending the time depends on the construction of the first clause in Gen. St. 1878, *c.* 89, § 8, relating to arbitrators. That clause reads: "The time within which the award shall be made and reported may be varied according to the agreement of the parties." If this refers to an agreement for the time to be inserted in the original submission, then, no doubt, any subsequent agreement extending such time, as it would be in effect a resubmission, would have to be executed with the same formalities as an original submission. On the other hand, if it intends that, after a submission has been executed, the parties may subsequently, by their agreement, vary the time expressed in it, then the agreement need not be executed with such formalities, for the reason that the statute does not require them. The statute does not prescribe any

time.   The form in section 3 has a blank for the time, thus leaving the parties to insert such time as they may agree on.   To authorize them to do so, section 8 is unnecessary, and it is unnecessary in order to authorize them to vary the time by an agreement amounting to a re-submission, for no express authority would be needed for that. But, without such a provision as in section 8, they could not make an agreement, not in effect a re-submission, varying the time, however great the necessities of the case might be.   Cases might frequently occur in which the arbitrators would, from accident or other causes, be unable to make their award within the time specified in the sub-mission.   In such cases it would be a great convenience to the par-ties to extend the time without the formalities required by section 3. To enable them to do so, we think, the clause we have quoted was in-serted.   The agreement extending the time in this case was valid.

Appellant further objects that, after the award is returned, the fur-ther proceedings must be at a term of the court, and cannot be had in vacation.   In *Lovell* v. *Wheaton*, 11 Minn. 57, (92,) it is held that such proceedings may be before the court in vacation.

Judgment affirmed.