[No. 8,195. Department One.—August 18, 1884.]

# DAVID KETTLEMAN, APPELLANT, v. S. V. TREADWAY, RESPONDENT.

PRACTICE—ARBITRATION—ENTRY OF SUBMISSION BY CLERK.—A submission to arbitration under section 1283 of the Code of Civil Procedure is invalid if no note of the submission is entered by the clerk in his register of actions.

APPEAL from an order of the Superior Court of the county of San Joaquin, vacating an award of arbitrators and granting a stay of execution.

The facts sufficiently appear in the opinion of the court.

*W. L. Dudley*, and *Jas. A. Louttit*, for Appellant.

*Terry, McKinne & Terry*, and *Joseph H. Budd*, for Respondent.

Ross, J.—The proceedings which were in effect annulled by the court below were founded on a written submission to arbitration of some matters of difference between the respective parties. For the respondent, it is urged that the submission itself is void for want of certainty, but this objection need not be considered for the reason that no note of the submission to arbitration was ever entered by the clerk of the Superior Court in his register of actions, as required by section 1283 of the Code of Civil Procedure. As said by this court in *Pieratt* v. *Kennedy*, 43 Cal. 393, the clerk must "in the first place be authorized by the stipulation to make note in his register, and in the second place he must, in fact, make it there—the mere authority without the act done is no more than the act done without the authority would be. Both these must concur (*Ryan* v. *Dougherty*, 30 Cal. 219), and in the absence of either there is no jurisdiction over the subject-matter or of the parties."

Order affirmed.

McKINSTRY, J., and McKEE, J., concurred.