NORTHWESTERN GUARANTY LOAN CO. *vs.* CHARLES E. CHANNELL.

Argued May 5, 1893.   Decided May 11, 1893.

**Requisites of Agreement to Submit to Arbitration.**
> An agreement to submit certain matters to arbitrators, under the statute, is of no effect if the names of the arbitrators are not in it when it is acknowledged.   They cannot be inserted afterwards.

**When Last Day is Sunday and is not Excluded.**
> The statutory rule for computing time does not apply to ascertain the day, or the last day, on which a thing may be done, where such day is expressed by its date.

Appeal by Northwestern Guaranty Loan Company of Minneapolis, from an order of the District Court of Hennepin County, *Seagrave Smith*, J., made September 19, 1892, vacating and setting aside an award of arbitrators.

On June 5, 1892, the above-named corporation entered into an .agreement with Charles E. Channell providing that Daniel W. Lane and Charles A. J. Marsh should select for them three disinterested persons to act as arbitrators of the difference existing. between them, and should insert the names of such arbitrators in the blank space left in the agreement to arbitrate, that day executed by Channell and the Corporation. Lane and Marsh selected three .arbitrators and inserted their names. The arbitrators then heard the parties, and made an award dated Saturday, July 9, but it was not delivered or filed in court.until Monday, July 11, 1892. The .agreement for submission provided that the award should be made .and reported to. the District Court on or before July 10, 1892. Channell was dissatisfied with the award, and moved the court, on notice and affidavits stating these facts, to vacate and set it aside. 'The motion was granted, and the Corporation appeals.

*Charles J. Bartleson,* for appellant.

This submission, as it appears upon the record, is in form a per-'fect compliance with the requirements of the statute, but it was sought in the court below to impeach it by the affidavit of Channell. It has been held that a written submission cannot be varied by ;parol testimony. Morse, Arb. & Award, 63; *Efner* v. *Shaw,* 2 Wend. 567; *McNear* v. *Bailey,* 18 Me. 251; *De Long* v. *Stanton,* 9 .John. 38.

It is also now the accepted law of this State that a party who exe--cutes an instrument in blank with authority to a designated agent to fill it up, is estopped to deny its validity. *Pence* v. *Arbuckle,* 22 Minn. 417; *Dobbin* v. *Cordiner,* 41 Minn. 165.

But we contend that taking these two contracts together, they were a complete submission in themselves within the meaning of this statute.

The second ground upon which the court below held the award to be bad, was that it was not filed in time. On this subject we have a statutory rule. 1878 G. S. ch. 66, § 82, which provides that if the last day is Sunday, it shall be excluded. *Frankoviz* v. *Smith,* .34 Minn. 403; *Spencer* v. *Haug,* 45 Minn. 231; *Bovey De Laittre Lumber Co.* v. *Tucker,* 48 Minn. 223.

*Hart & Brewer,* for respondent.

Jurisdiction could not be conferred upon the arbitrators in any other way than that pointed out by the statute. It is a special jurisdiction which can be created only in the manner prescribed by the statute. *Barney* v. *Flower,* 27 Minn. 403; *Holdridge* v. *Stowell,* 39 Minn. 360.

1878 G. S. ch. 89, § 3, requires the time for the making of the award to be fixed in the arbitration agreement, and section 8 provides that no award made after the time fixed by agreement of the parties shall have any legal effect or operation. The award is not "made" until filed. *Bent* v. *Erie Tel. & T. Co.,* 144 Mass. 165; *Lowell* v. *Wheaton,* 11 Minn. 92, (Gil. 57.)

In this case no resort to computation of time is required or possible. The arbitration agreement fixes a date and excludes all computation. No calculation or computation is requisite to determine the expiration of the time.

GILFILLAN, C. J. This is an appeal from an order of the district court rejecting and setting aside an award filed, upon an attempt at a statutory arbitration between these parties. They attempted to submit certain matters to arbitration, but the agreement to do so, at the time it was signed and acknowledged by the parties, did not contain the names of any arbitrators. They appear to have been unable to agree on arbitrators, and so entered into a written agreement authorizing two other persons to select them. The two selected three persons as arbitrators, and their names were inserted in the agreement of submission, by the two persons so authorized, or one of them, after it was signed and acknowledged.

The agreement of submission required the arbitrators to make and report their award on or before the 10th day of July, 1892. That day fell on Sunday, and the award was filed on the 11th. The statute provides (1878 G. S. ch. 89, § 8) that "no award made after the time so agreed upon shall have any legal effect or operation unless made upon a recommitment of the award by the court to which it is reported."

Other objections are made to the award, but either of these is conclusive, and it is unnecessary to consider the others.

It was held in *Barney* v. *Flower,* 27 Minn. 403, (7 N. W. Rep. 823,)

that the jurisdiction created by arbitration "is a special jurisdiction, which can be created only in the manner prescribed by the statute. Every material requirement of the statute must be complied with. Among them is the acknowledgment prescribed;" and it was also held that the appearance of the parties before the arbitrators, without objection, did not cure the defect. The acknowledgment of an agreement, incomplete by reason of material stipulations being omitted, will not do. If one material part may be left blank, any other or all may. If the names of the arbitrators may be left to be afterwards inserted, no reason can be given why the parties may not do the same with the subject-matter of the arbitration, or with any other thing required by the statute to be in the agreement.

Because not complete when acknowledged, this agreement was of no effect as a statutory submission to arbitration.

It is conceded that, if the award was filed too late, it was of no effect; but it is claimed that the statutory rule for computing time, of excluding the first and including the last day, and excluding the last when it is Sunday, applies, and that, in determining when was the last day for filing the award, the tenth, because it was Sunday, should be excluded, and the eleventh held to be the last day. But the statute was intended to apply only when it is necessary to have a rule for ascertaining the first day or the last day on which a thing may be done. Such a rule is necessary only when a thing is to be done within a specified period; as within a week, month, or year, or designated number of days, weeks, months, or years. When the first or last day is expressed, no rule is needed to ascertain what that day is.

The statutory rule does not apply here, and the award was filed too late.

Order affirmed.

VANDERBURGH, J., took no part in this decision.

(Opinion published 55 N. W. Rep. 121.)