EMMA READDY, PLAINTIFF IN ERROR, v. THE TAMPA ELEC-
TRIC COMPANY, DEFENDANT IN ERROR.

Where parties to a suit resort to the statutory mode of arbitra-
tion as distinguished from the common law modes, it is
essential that the requirements of the statute shall be sub-
stantially complied with; and where the parties attempt
such an arbitration, and the record fails to show that the
arbitration was made a rule of court by the parties filing
in the court the statement required by section 1222 Rev.
Stats. of 1892, and fails to show the recording of the
same, and fails to show that the award was filed and re-
corded in the court as required by section 1225 Rev. Stats.
of 1892, and fails to show that the award has been entered
of record and has the force and effect of a judgment as
provided by section 1229 Rev. Stats. of 1892, there is no
award upon which a motion can be based to set it aside
as provided in section 1227 Rev. Stats. of 1892, or upon
which a final judgment can be entered.

This case was decided by Division B.

Writ of Error to the Circuit Court for Hillsborough. County.

### STATEMENT.

In December, 1904, the plaintiff in error, Emma Readdy, sued the defendant in error, The Tampa Electric Company, a corporation, to recover damages for an alleged personal injury, in the Circuit Court of Hillsborough county. In April, 1905, the defendant pleaded not guilty, and contributory negligence, upon which pleas issue was joined. On the 26th of June, 1905, the respective parties entered into the following agreement: "It is agreed by and between counsel for the respective parties in the above cause, that the said cause be referred to doctors J. T. Boykin and L. S. Oppenheimer, who are hereby empowered to select an umpire or third arbitrator, to examine into said cause, and determine whether or not the plaintiff had been injured by the negligence of defendant company or its employees, and if so, to what extent she had been injured, and what in their opinion would be a reasonable compensation, if any, that the verdict of the said arbitrators shall be binding upon the said parties, and together with this agreement shall be made an order of the court.

2nd. The respective parties shall furnish the said arbitrators with a list of their witnesses, after which they shall be left to investigate the said cause, without molestation, argument or persuasion by counsel for the respective parties.

3rd. When the said arbitrators shall have arrived at a verdict, they will reduce the same to writing, sign the

same, and deliver a copy to counsel for the respective parties.

In witness whereof the said parties by their counsel have hereunto set their hands and seals, on this 26th day of June, 1905.

H. S. HAMPTON, (LS.)

For Plaintiff.

P. O. KNIGHT, (LS.)

For Defendant."

The record then shows that on the 18th of July, 1905, the findings of the arbitrators was duly filed the same being in the words and figures following:

"Tampa, Florida, July 11th, 1905.

Hillsborough County, }
State of Florida. }

The case of Emma Readdy vs. Tampa Electric Company having been presented by witnesses on both sides before this board of arbitrators, appointed according to an order of the court, to decide whether said Emma Readdy was injured by the negligence of said company or any of its employees, and if so, to what extent, after having examined the said cause find that the defendant is not liable.

L. S. OPPENHEIMER,

A. C. IVES, M. D.

With reference to the above findings, I, J. T. Boykin, as one of the arbitrators, have refused to sign the same because I consider that the agreement under which the investigation of this matter was left to us has been violated in the following manner: 1st. When Dr. Oppenheimer and myself first met on the morning of the 27th of June, 1905, we agreed upon Dr. M. R. Winton as an umpire and he left my office with that understanding

to meet me at two o'clock in the afternoon to commence the investigation; later he returned telling me he had conferred with P. O. Knight, the attorney for the defendant, and that they would not accept Dr. Winton, and I thereupon suggested Dr. A. C. Hamblin, to which he agreed; the next morning for some reason he returned telling me that he could not accept Dr. Hamblin, and suggested Dr. Ives, and not knowing what to do in the matter I agreed upon Dr. Ives.

2nd. At the time of the delivery of the original agreement to me by Mr. H. S. Hampton, attorney for the plaintiff, he had attached to it a list of plaintiff's and defendant's witnesses and told me that it was agreed between himself and Mr. Knight that only those witnesses whose names were on that paper were to be examined by us and for that purpose he and Mr. Knight in the presence of each other had written down the names of their witnesses, and that the arbitrators were under no circumstances to communicate with the attorneys for either side.   This agreement so far as I know was kept by Mr. Hampton, but on the last day of the hearing, over my objection, Dr. Oppenheimer as chairman, called in Mr. P. O. Knight, attorney for the defendant, for the purpose of having him testify as a witness, and when Mr. Knight appeared he did not testify as to any facts in connection with the injury, but in narrative form testified as to insulting language used by the daughter of the plaintiff in his office and at the same time presented several statements in regard to the accident signed by the conductor of the car on which the plaintiff was alleged to have been injured, and by G. W. Wells, General Manager of the  company, and by Dr. Oppenheimer in regard to the condition of the plaintiff, which were

used and considered by the arbitrator, but were taken away by Dr. Oppenheimer and not filed in the case.

In view of the above I do not think that the proceedings were regular, or that the agreement under which the case was submitted to us has been kept, and I have concluded to submit this statement to the court and file it together with the report of the arbitrator as a part thereof.

Respectfully submitted,

J. T. BOYKIN, M. D.

Sworn to and subscribed to before me this 15th day of July, A. D. 1905.

H. D. WEBSTER,

Notary Public.

(Notary Seal)"

On the 20th of July, the plaintiff filed a motion to set aside and vacate the award of the said arbitrators, the said motion being in words and figures following: "Now comes the plaintiff in the foregoing cause and moves the court to set aside and vacate the award of the arbitators filed in this cause on the 18th day of July, 1905, upon the following grounds, to-wit: 1st. Because as shown by the report of arbitrators the agreement under which the said cause was submitted has been violated by counsel for the defendant.

2nd. Because as shown by the said report the said arbitrators have been guilty of misbehavior.

3rd. Because as shown by the report the said arbitrators have been guilty of gross negligence.

4th. Because as shown by the report of the said arbitrators witnesses of the defendant were examined whose

names were not submitted at the time of the submission of the said cause.

H. S. HAMPTON,

Attorney for Plaintiff."

Affidavits were filed in support of and against said motion.

On the 29th of September, 1905, this motion coming on to be heard, the following ruling was made: "An inspection of the matters involved not being sufficient to show to the court that there was any fraud, corruption or gross mistake in the award of the arbitrators which would warrant the court in setting the same aside, the foregoing motion is denied, to which counsel excepts, and defendant is allowed thirty days for bill of exceptions. September 29th, 1905.          J. B. WALL, Judge."

The writ of error and the assignment of errors are based on this ruling, refusing to quash and vacate the said arbitration proceedings.

*Davis & Hampton,* for Plaintiff in Error.

*Peter O. Knight,* for Defendant in Error.

HOCKER, J., *(after stating the facts.)* The record shows that after suit was brought there was an attempt by the parties to have the questions involved settled by a statutory arbitration as provided by sections 1221 to 1229 inclusive, of the Revised Statutes of 1892.

Section 1222 is as follows: "An arbitration may be made a rule of court by the parties filing in the court which would have jurisdiction of the controversy if it were not submitted to arbitration, a statement in writing signed by each party of the agreement of matters to be submitted to arbitration, and of the name of the arbitra-

tor or arbitrators, and an umpire selected by them. The clerk of the court (or the court if it have no clerk) shall record said statement in the minutes of the court, and thereupon the arbitrator or arbitrators and umpire shall have the powers hereafter specified."

Section 1223 provides: "The arbitrator, or arbitrators, and umpire appointed as aforesaid, shall before entering upon the investigation of the matter submitted to them, be severally sworn before some judge or justice of the peace faithfully and diligently to execute the trust committed by the submission; and the examination of all witnesses before the said arbitrator, arbitrators or umpire shall be under oath, and if the parties themselves be examined, such examination shall also be under oath, and in the presence of each other; and the said arbitrators, or either of them, shall be and they are hereby authorized and empowered to issue subpoenas to compel the attendance of witnesses, under the same regulataions as the clerks of the Circuit Courts of this State, which said subpoenas shall be served by the sheriff or any constable of the county, and shall be obeyed by the witnesses in the same manner as subpoenas issued from any court within this State."

Section 1224 provides for compensation of arbitrators, officers and witnesses.

Section 1225 is as follows: "The award shall be in writing, signed by a majority of the arbitrators, or arbitrators and umpire, shall state the adjudication in full, and shall be filed and recorded in the court of which the arbitration is a rule. And the clerk of such court (or court if it have no clerk) shall give notice of the entry of the award, to the persons against whom the award is rendered."

Section 1226 provides how either party may apply by

motion in the court of which the submission is a rule, to set aside the same.

Section 1227 provides that the submission shall be set aside by the court only on the ground of fraud, corruption, gross negligence or misbehavior of one or more arbitrators or umpire, or of evident mistake acknowledged by the arbitrators or umpire.

Section 1228 provides that testimony by affidavits of the facts constituting the ground on which the motion is made shall be used in the hearing.

Section 1229 is as follows: "If any award be entered of record, so much thereof as decrees the payment of money by either party shall have the force and effect of a judgment from the day of entering said award, upon which execution may be issued as in cases of judgment duly entered; and so far as the award relates to the performance of any other lawful act, the party failing to comply with said award shall be considered in contempt, and, by the order of court, shall be committed to prison, there to remain without bail until he shall comply with the order of the court in the premises."

It seems to be established law when parties resort to the statutory mode of arbitration, as distinguished from the common law modes, that the requirements of the statute shall be substantially complied with; some courts holding that they must be strictly adhered to. These views are based on the doctrine that such statutes are in derogation of the common law. Steel v. Steel, 1 Nev. 27; Monosiet v. Post, 4 Mass. 532; Heath v. Tenney, 3 Gray (Mass.) 380; Abbott v. Dexter, 6 Cush. (Mass.) 108; Burghardt v. Owen, 13 Gray (Mass.) 300; Henderson v. Adams, 5 Cush. (Mass.) 610; Barney v. Flower, 27 Minn. 403, 7 N. W. Rep. 823; Northwestern Guaranty Loan Co. v. Channell, 53 Minn. 269, 55 N. W. Rep. 121;

Kettleman v. Treadway, 65 Cal. 505, 4 Pac. Rep. 506; Foust v. Hastings, 66 Iowa 522, 24 N. W. Rep. 22; Dudley v. Farris, 79 Ala. 187; Low v. Nolte, 15 Ill. 368; Forman Lumber Company v. Ragsdale, 12 Ill. App. 441; Osborn & Walcott Mfg. Co. v. Blanton, 109 Ga. 196; 34 S. E. Rep. 306; 2 Am. & Eng. Ency. Law (2nd ed.) pp. 540 and 541; 3 Cyc. 602. This doctrine seems to be recognized by this court in O'Bryan v. Reed, 2 Fla. 448.

In Barney v. Flower, *supra,* it is said: "The jurisdiction of the arbitrators under the statute over the matter referred to them depends on a compliance with the statute. It is a special jurisdiction which can be created only in the manner prescribed by the statute. Every material requirement of the statute must be complied with."

In Abbott v. Dexter, *supra,* it is said: "The jurisdiction of the arbitrators to make an award upon which a judgment of the court can be rendered, depends entirely upon the statute. It is a special jurisdiction created entirely by the statute, and can be sustained only by a compliance with the statute." To the same effect see Macon & Western Railroad v. Davis, 13 Ga. 68. We have examined a number of other authorities and find the same principles recognized in them. There are cases holding that immaterial defects in the statutory proceedings before arbitrators may be waived by the parties, but we have discovered no case which holds that matters which are in their nature jurisdictional can be waived. If such a case could be found it would seem to be out of harmony with the weight of authority and with reason.

In the case of Macon & Western Railroad v. Davis, *supra,* the rule was applied which is applicable to courts of limited jurisdiction, *viz:* it must appear on the face of the proceedings that they have acted within the scope

of their jurisdiction or their proceedings are *coram non judice* and void (p 76)."

The record in this case fails to show that the arbitration was made a rule of court by the parties filing in the court the statement required by section 1222 Revised Statutes of 1892, and fails to show the recording of the same in the minutes of the court as required in said section. This was a requirement which under the terms of the statute was jurisdictional and necessary to confer any powers upon the arbitrators or umpire. The record also fails affirmatively to show that the award was filed and recorded in the court as required by section 1225 Revised Statutes of 1892, and also fails to show that the award has been entered of record and has the force and effect of a judgment as provided by section 1229 Rev. Stats. of 1892. There was, therefore, nothing in the record before the Circuit Judge, so far as the record here shows, which gave the arbitrators or umpire any statutory authority to act, and nothing upon which he was authorized to make any ruling; for it is evident that the award was not pleaded or treated as a common law award. The established doctrine is that a writ of error must be dismissed when the record fails to show a final judgment.

It is considered and ordered that the writ of error be, and the same is, hereby, dismissed.

Taylor and Parkhill, JJ., concur.

Shackleford, C. J., and Cockrell and Whitfield, JJ., concur in the opinion.