## Camden Fire Insurance Association v. Cahill.

### (Decided Oct. 30, 1936.)

FRANK M. DRAKE for appellant.

ROBERT L. PAGE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

This is an appeal from a $992.50 judgment entered upon a so-called award made to Cahill, which the chancellor says in his opinion is excessive, but which he felt he had to enforce.

Appellant had insured Cahill's automobile would not be stolen. It was. Appellant recovered it and returned it to Cahill, who contended it had been damaged by the thief. They were unable to agree upon the damage.

The insurance contract provided:

"In case the assured and this company shall fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen [15] days to agree upon such umpire, then, on request of the assured or this com-

pany, such umpire shall be selected by a judge of a court of record in the County and State in which the appraisal is pending.''

Appellant demanded an appraisement and selected Mr. G. W. Munz to represent it. Cahill selected Mr. George M. Eady. These were duly sworn on July 18, 1932. They selected Mr. Tom Miles as umpire. He refused to act because he was endeavoring to sell Cahill a Cadillac, and had loaned him a car to drive while the negotiations were pending.

Mr. Munz suggested names of several other men, but Mr. Eady refused to agree to any of them and declined to discuss the matter further.

Cahill's counsel, without notice to appellant or its counsel, now applied to the Hon. L. D. Greene, judge of the Jefferson circuit court, Common Pleas branch No. 1, and suggested the appointment of Mr. C. T. Minor, and the court made the appointment. The date of this appointment does not appear, but it was within 48 hours after they were unable to agree, for on July 20th Cahill's counsel notified Mr. Munz of the appointment, and that the appraisers would meet at the office of Mr. Robert L. Page, Cahill's counsel, on Friday morning, July 22d, to settle the matter. Mr. Munz was advised this was not a valid appointment and declined to attend.

Mr. Eady met with Mr. Minor and Mr. Cahill in Mr. Page's office, Mr. Minor was sworn, and without so much as looking at the car in question Mr. Eady and Mr. Minor fixed the damage to it as $992.50, the award sued on.

## Was the Award Valid?

This award was not validly made. A proper tribunal was never set up. The court had no power to act until after the expiration of fifteen days and should not then have acted except after reasonable notice to appellant so that it could be properly represented. True, the contract does not require notice, but the law does.

Had appellee cleared this hurdle, there were others in the offing. See Perry v. Scott, 6 Ky. Op. 729; 5 C. J., Arbitration and Award, secs. 117, 177 and 216.

Judgment reversed, with directions to dismiss the petition.