BOSTON INSURANCE COMPANY AND OTHERS v.
A. H. JACOBSON COMPANY.
PHOENIX ASSURANCE COMPANY LTD. v. SAME.[1]

July 2, 1948.

Nos. 34,655, 34,656, 34,673, 34,674.

*Bowen & Bowen,* for relators and appellants.
*Leonard, Street & Deinard,* for respondent.

PETERSON, JUSTICE.

These writs of certiorari issued out of this court and the appeals from orders of the district court raise two questions: (1) Whether

[1]Reported in 33 N. W. (2d) 602.

the district court has the power to vacate its order appointing an umpire under M. S. A. 65.01 as a member of a board of appraisers to appraise the amount of loss or damage caused by a fire, where it appeared that the insured had not rendered to the insurers proof of loss; that the insurers on the seventy-first day after the fire demanded an appraisement and selected the appraiser to be selected by it; and that the insured refused to participate in the appraisement; and (2) whether it may do so after the time to appeal from an order has expired.

These cases involve five policies of insurance, four of which were for insurance against loss or damage caused by fire and the other for loss of rents caused by fire. Separate orders were made appointing umpires under the loss-or-damage and the loss-of-rent policies, and separate orders were made vacating them. The fire occurred on April 28, 1947. The insured rendered no proof of loss to the insurers. On July 8, 1947, the insurers demanded an appraisal of the losses and selected an appraiser. The insured refused to join in the appraisement. On October 22, 1947, upon the insurers' applications, one of the judges of the district court of Hennepin county appointed an umpire to act with the appraiser selected by the insurers as the board of appraisers. On December 1, 1947, which was more than 30 days after the orders of October 22, and hence after the time provided by § 605.08 within which to appeal from an order, the court on motion of the insured vacated the orders appointing the umpire.

Apparently, the insurers had immediate notice of the fire. The insurers and the insured had conversations concerning the nature and the extent of the loss, which the insurers claim was upon the basis that it was a partial one. The insured in opposition to the application for the appointment of the umpire asserted that the loss was a total one; and that, because that was true, the insurers were not only not entitled to arbitration at all by reason of the provision of § 65.01 excepting from the right of appraisal cases of "total loss on buildings," but also that the orders appointing the umpire for the purpose of appraising the loss were improvidently and inadvertently made.

The policies are so-called Minnesota standard fire insurance policies under § 65.01, which so far as here material provides that in case of loss a signed and verified written statement of loss (proof of loss) shall be *forthwith* rendered the company; that within 60 days after the insured shall have submitted the statement of loss the insurer shall pay the amount for which it is liable, which shall be determined either by agreement of the parties or by award of referees, or replace the property, or within 15 days notify the insured of its intention to rebuild or repair the premises; that "except in case of total loss on buildings" the amount of the loss, if the parties should fail to agree as to what it was, shall be ascertained by a board of appraisers consisting of two appraisers, each party selecting one "within fifteen days" after rendition of the statement of loss to the company by the insured, and of an umpire appointed by the two appraisers; that if either party should refuse to select an appraiser within the 15 days the presiding judge of the district court may appoint an umpire to act with the one selected by the other party as the board of appraisers; that if after five days the two appraisers selected by the parties fail to agree upon an umpire the presiding judge of the district court may appoint one; that the appraisers shall estimate and appraise the amount of the loss; that, unless within 15 days after rendition of proof of loss by the insured either party shall have notified the other in writing that such party demands an appraisal, such right to an appraisal shall be waived; and that no action against a company for recovery of a loss under the policy shall be sustained unless commenced within two years.

1. Failure or inability of the parties to agree as to the amount of the loss conditions the right to an appraisement or arbitration. Kelly v. Liverpool & London & Globe Ins. Co. 94 Minn. 141, 102 N. W. 380, 110 A. S. R. 351. As said in the cited case (94 Minn. 145, 102 N. W. 381):

"* * * Until there is some controversy between them on that subject, there is no occasion for arbitration—there is nothing to arbitrate."

It is plain that the controversy which is to be arbitrated cannot arise until the insured has rendered to the insurer the written statement of loss and the insurer has notified the insured as to its intentions with respect to the matter. It is the issues raised by the disputed claims of the parties which are to be determined by the appraisement or arbitration. Prior to rendition of the statement there can be no basis for knowing whether there will be such a dispute and, if there should be one, to what matters it will relate. The appointment of the umpire prior to the rendition of the statement by the insured to the insurer and the expiration of the 15 days thereafter within which either party may demand appraisement is premature and void. As said in Camden F. Ins. Assn. v. Cahill, 266 Ky. 362, 363, 98 S. W. (2d) 462, 463:

"This award was not validly made. A proper tribunal was never set up. The court had no power to act until after the expiration of fifteen days * * *."

The rule stated is in accord with our well-settled rule that a statutory arbitration must comply with the requirements of the governing statute. Northwestern Guaranty Loan Co. v. Channell, 53 Minn. 269, 55 N. W. 121; Barney v. Flower, 27 Minn. 403, 7 N. W. 823. Kavli v. Eagle Star Ins. Co. Ltd. 206 Minn. 360, 288 N. W. 723, does not hold otherwise.

Insured's failure to render to the insurers proof of loss did not change the rights of the parties with respect to appraisement. Before the insured can recover on the policy, it will be necessary for it to render to the insurers proof of loss. This will involve delay, but that in itself does not affect the rights of the parties. Delay in furnishing proof of loss, except where it exceeds the two years from the date of loss within which by the terms of the policy suit thereon must be brought and has thus become a bar to any action thereon, merely suspends and postpones the insured's right of action until he shall have rendered it. Cash v. Concordia F. Ins. Co. 111 Minn. 162, 126 N. W. 524; Mason v. St. Paul F. & M. Ins. Co. 82 Minn. 336, 85 N. W. 13, 83 A. S. R. 433; Michigan F. & M. Ins. Co. v. National Surety Corp. (8 Cir.) 156 F. (2d) 329 (affirming 59 F. Supp. 493).

The reasons for the rule are that, while the policy requires the statement of loss to be rendered "forthwith," it does not provide for a forfeiture of the insured's rights if he fails to comply within the time limited, and that a court will not construe the policy as providing for a forfeiture where the statute prescribing the form of policy does not. This is in accord with the overwhelming weight of authority. Ciapanna v. Lincoln F. Ins. Co. 153 Or. 395, 56 P. (2d) 1113; Southern Home Ins. Co. v. Bowers, 157 Va. 686, 161 S. E. 914; Ciokewicz v. Lynn Mut. F. Ins. Co. 212 Wis. 44, 248 N. W. 778; Vance, Insurance (2 ed.) pp. 779-788; 7 Cooley, Briefs on Insurance (2 ed.) p. 5770; 5 Joyce, Law of Insurance (2 ed.) § 3282; 45 C. J. S., Insurance, § 1009; 29 Am. Jur., Insurance, § 1105. As Vance, Insurance (2 ed.) pp. 780-781, points out, while the provisions prescribing the time within which to give proof of loss are in the form of conditions precedent, they are in reality conditions subsequent affecting rights that have already accrued under the policy and intended not as conditions of liability, but for evidential purposes in enabling the insurer to determine its liability, and—

"When they [insurance policies] contain provisions of forfeiture they must be regarded as penalties defeating a right that has already accrued. Such being the nature of these conditions, it is manifest that the general rules of construction require that they shall be construed with much less strictness than those conditions that operate prior to the loss. A condition subsequent should never be construed as defeating an already vested right, unless the intention of the parties to create a forfeiture is unquestionable. In accordance with these principles, we find the majority of the courts most unwilling to give such a construction to these subsequent conditions as will defeat the rights of the insured, unless the facts of the case show fraud or clear injustice to the insurer."

No case has been called to our attention deciding whether, because delay does not dispense with the rendering of proof of loss and merely postpones rights dependent thereon, it postpones also, as rights dependent upon furnishing proof of loss, those with respect to appraisement. As a matter of principle, it would seem that this ques-

tion should be answered in the affirmative. The policy in express terms fixes the time within which appraisement may be demanded by either party as "within fifteen days after a statement of such loss has been rendered to the company." § 65.01. It is elementary that appraisement or arbitration must be demanded within the time prescribed by the policy. 45 C. J. S., Insurance, § 1113. The fundamental principle underlying the rule that the insured's delay in rendering to the insurer proof of loss does not affect the rights of the parties or dispense with rendering proof of loss is that delay merely postpones rights dependent upon rendering proof of loss. The insured's right to sue is suspended and postponed until he renders the proof of loss. By parity of reason, other rights dependent upon rendering proof of loss are also suspended and postponed, including those with respect to appraisement of loss or damage. Hence, the insured's delay does not affect or prejudice the rights of either party under the policy, including those with respect to appraisement. Because the rights of the parties either to demand or to waive appraisement are postponed as dependent upon rendering of proof of loss, they do not ripen until proof of loss has been given. An attempt to exercise such rights prior to that time is premature and void. Camden F. Ins. Assn. v. Cahill, 266 Ky. 362, 98 S. W. (2d) 462, *supra*. Here, the right of the insurers to demand appraisement had not ripened at the time the insurers attempted to exercise it, because the insured had not given proof of loss. It follows, therefore, that the insurers' attempts to appraise and the orders appointing the umpire for such purpose were premature and void.

Whether delay coupled with other facts would constitute a defense to insured's claim is a question not raised by this record and one which we do not decide.

2. For purposes of decision it is assumed, but without so deciding, that the appointment of an umpire under § 65.01 is a judicial function involving the exercise of judicial power and that an order appointing an umpire is an appealable one. Under the doctrine of Barrett v. Smith, 183 Minn. 431, 237 N. W. 15, the district court has the power before judgment to review or vacate an order made by it,

even though it is appealable and the time to appeal has expired. Our later cases are found in the notes to 4 Dunnell, Supp. § 6512. Here, the court had the power to vacate the orders. The orders had been improvidently made, and, because that was true, there was no abuse of discretion in ordering them vacated.

Since the orders in question should be affirmed upon the grounds already stated, we do not deem it necessary to decide other questions suggested by the insured.

Affirmed.