NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0545n.06

Case No. 17-6498

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, | ) ) ) | **FILED** Oct 31, 2018 DEBORAH S. HUNT, Clerk |
| Petitioner-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| C.F.L.P. 1, LLC, | ) ) |  |
| Respondent-Appellant. | ) | **O P I N I O N** |

**BEFORE: GIBBONS, SUTTON, and McKEAGUE, Circuit Judges**

**McKEAGUE, Circuit Judge.** C.F.L.P. 1, LLC, doing business as Arcadia Apartments, owns an apartment complex in Kentucky that was damaged by a hailstorm in 2012. Arcadia filed a claim for siding damage with its insurer, The Cincinnati Specialty Underwriters Insurance Company ("CSU"), who disbursed about $25,000 for repairs. Unsatisfied, Arcadia claimed that the policy required CSU to furnish cosmetically matching siding or, because it was impossible to match Arcadia's aged siding, to replace all siding on all buildings at a cost of more than $1 million.

To determine the amount of loss, CSU invoked the appraisal clause in the insurance contract. Both parties selected an appraiser, but the parties' appraisers failed to agree on a third appraiser, or "umpire," as the clause indicated. CSU then petitioned the district court to appoint

the umpire, as prescribed by the contract, and offered a set of candidates.[1] Arcadia claimed that

CSU's candidates were biased and offered its own candidates. Arcadia also asserted a claim of

bad faith and a violation of the Kentucky Unfair Settlement Claims Practices Act (KRS 304.12-

230). Arcadia also argued that CSU's nomination of allegedly biased candidates constituted a

material breach that entitled Arcadia to "rescind" the appraisal clause and take the case to a jury.

Over the course of four years of contentious litigation, the district court selected one of

CSU's candidates for umpire, reaffirmed its selection after allegations of bias from Arcadia, denied

Arcadia's motion to rescind the appraisal process, refused to instruct the umpire that cosmetic

matching was required under the contract, and granted summary judgement for CSU on Arcadia's

extracontractual claims. Arcadia appeals the district court's rulings on all these issues.[2]

Further, Arcadia claims that the insurance contract entitled it to the replacement cost of

damaged property, not merely the actual cash value of damaged property (which factors in

depreciation). Arcadia failed to take that position below, so it cannot make the argument on appeal.

---

[1] CSU cited Section 5 of the Federal Arbitration Act ("FAA") as the source of the district court's authority to appoint the umpire, and the district court likewise cited the FAA when it appointed the umpire. *See* 9 U.S.C. § 5. Neither the parties nor the court ever examined the applicability of the FAA. In *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684 (6th Cir. 2012), we held that the FAA did not apply to an appraisal provision identical to the one in this case. But even if we assume the FAA does not apply to the contract in this case, the outcome remains the same. Although Arcadia challenged the district court's selection, neither party challenged the district court's authority to make the appointment. We presume it still had such authority because it was enforcing the language of the contract. *See, e.g.*, *Covenant Ins. Co. v. Banks*, 413 A.2d 862 (Conn. 1979); *Liberty Mut. Fire Ins. Co. v. Hernandez*, 735 So. 2d 587 (Fla. Dist. Ct. App. 1999); *Camden Fire Ins. Ass'n v. Cahill*, 98 S.W.2d 462 (Ky. 1936); *Davis v. Nat'l Am. Ins. Co.*, 259 N.W.2d 433 (Mich. Ct. App. 1977); *Equity Mut. Ins. Co. v. Campbell*, 886 S.W.2d 221 (Mo. Ct. App. 1994); *Massey v Farmers Ins. Grp.*, 837 P.2d 880 (Okla. 1992); *Cantu v. S. Ins. Co.*, No. 01-14-00522-CV, 2015 WL 5096858, (Tex. App. Aug. 25, 2015).

[2] Arcadia requests a "due process hearing" as an alternative remedy for several of its claims. Arcadia cites no law or precedent supporting this unusual request, and counsel for the appellant could not at oral argument describe what such a hearing might entail or in front of whom it might take place. We decline to speculate on Arcadia's behalf.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008); *see also United States v. Ruiz*, 777 F.3d 315, 320 (6th Cir. 2015). It is true that, in its initial answer, Arcadia stated that the contract contained replacement cost coverage. In a subsequent motion, however, Arcadia explicitly interpreted the loss payment provision as being for actual cash value, writing that "the four options set out in paragraph 4.a on page 48 all call for Actual Cash Value." Therefore, when the district court issued its first memorandum opinion, it stated that "Arcadia now concedes that the policy is an actual cash value policy" and did not further analyze the issue. Arcadia had ample opportunity over the following two years of aggressive litigation to challenge the district court's statement, but it never did. Instead, in its motion to reconsider the aforementioned opinion, Arcadia again referred to the policy as the "herein Actual Cash Value policy." Because Arcadia took that view below, the issue is not reviewable on appeal. *See Scottsdale*, 513 F.3d at 552. In any event, Arcadia's argument would have come to naught because the text of the policy shows that it is indeed an actual cash value policy.

As to Arcadia's remaining claims, we have carefully reviewed the briefs submitted by the parties and the record of the proceedings below, and we have studied the district court's opinions and considered the points made by the parties in oral argument. We agree with the reasoning and the results reached in the district court's rulings. For the foregoing reasons, we **AFFIRM** the judgment of the district court.