A. H. FLETCHER v. GERMAN–AMERICAN INSURANCE COMPANY OF NEW YORK.

May 2, 1900.

Nos. 12,121—(46).

| 79 | 337 |
| 82 | 338 |
| 82 | 339 |

### Fire Insurance—Proof of Loss "Forthwith."

The terms of a fire insurance policy requiring proof of loss to be furnished the insurance company forthwith construed as requiring such proof within a reasonable time.

79 M.—22

**Question of Reasonable Time for the Jury.**

The question whether such proof of loss was furnished defendant in this case within a reasonable time was, under the evidence, a question for the jury, and was properly submitted to them.

**Laws 1895, c. 175, § 53—Arbitration.**

The arbitration provided for by Laws 1895, c. 175, § 53, is not a condition precedent to the right of action upon the insurance policy, unless the parties actually disagree as to the amount of the loss.

**Exertion to Save Insured Property—Failure Matter of Defense.**

Nor is it necessary for the insured to show, in the first instance, in an action upon such policy, that he complied with a provision thereof requiring him to make all reasonable exertions to save the insured property in case of fire. If he failed to comply with such provision, it must be pleaded by, and the burden of proof is with, the company.

Action in the district court for Cottonwood county to recover $1,000 and interest on a fire insurance policy. The case was tried before P. E. Brown, J., and a jury, which rendered a verdict in favor of plaintiff for $874.75. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Palmer & Beek*, for appellant.

Proofs of loss were not furnished "forthwith," within the meaning of that word as used in the statutory policy. Weed v. Hamburg-Bremen, 133 N. Y. 394; Quinlan v. Providence, 133 N. Y. 356; La Force v. Williams, 43 Mo. App. 518; Railway v. Burwell, 44 Ind. 460; Pickel v. Phenix, 119 Ind. 291; Trask v. State, 29 Pa. St. 198; Gould v. Dwelling, 134 Pa. St. 570; Edwards v. Lycoming, 75 Pa. St. 378; Accident v. Young, 20 Can. S. C. 280; Foster v. Fidelity, 99 Wis. 447; Smith v. Travelers, 171 Mass. 357; Whitehurst v. North Carolina, 7 Jones, L. 433. The amount of loss not having been agreed on by the parties, it was a condition precedent to the right of action that the amount be ascertained by award of referees, as provided by statute and the policy. Lamson v. Prudential, 171 Mass. 433.

*Wilson Borst* and *T. A. Alexander*, for respondent.

"Forthwith" means within a reasonable time. Sorenson v. Swensen, 55 Minn. 58; Anderson v. Goff, 72 Cal. 65, 73; 13 Am. &

Eng. Enc. (2d Ed.) 1157. Under the evidence the question of reasonable time was for the jury. Cochran v. Toher, 14 Minn. 293 (385); Roberts v. Mazeppa Mill Co., 30 Minn. 413; 19 Am. & Eng. Enc. (2d Ed.) 642; Hamilton's Execs. v. Phœnix, 22 U. S. App. 164. Failure to furnish proofs of loss, where no forfeiture is stipulated in case of breach of other requirements, and not in the case of failure to furnish proofs of loss within the time required, merely postpones the time of payment to the specified time after they are furnished. 13 Am. & Eng. Enc. (2d Ed.) 328, 329; Steele v. German, 93 Mich. 81; Rynalski v. Insurance, 96 Mich. 395; Hall v. Concordia, 90 Mich. 403; Kahnweiler v. Phœnix Ins. Co., 57 Fed. 562; Flatley v. Phenix, 95 Wis. 618; Vangindertaelen v. Phenix, 82 Wis. 112; Kenton v. Downs, 90 Ky. 236.

The arbitration clause is intended to furnish an easy court of appraisal and arbitration to settle real differences. Until such real differences have arisen out of an honest effort between insured and the insurer, there is no occasion or authority for an appraisal and arbitration. 2 Beach, Ins. § 1244. The dispute must be bona fide. Boyle v. Hamburg-Bremen, 169 Pa. St. 349. See also Chapman v. Rockford, 89 Wis. 572; Farnum v. Phœnix, 83 Cal. 246; 2 Biddle, Ins. § 1157; Vangindertaelen v. Phenix, supra; Hickerson v. Insurance, 96 Tenn. 193. See Nurney v. Fireman, 63 Mich. 633; Randall v. American, 10 Mont. 340; Mosness v. German-Am. Ins. Co., 50 Minn. 341; Schrepfer v. Rockford Ins. Co., 77 Minn. 291. If the company denies its liability for any other reason, it cannot object that no arbitration has been had. Hickerson v. Insurance, supra. See also 2 Beach, Ins. § 1244; 13 Am. & Eng. Enc. (2d Ed.) 365; 2 Biddle, Ins. 1175; Rosenwald v. Phœnix, 50 Hun, 172; Hamberg v. St. Paul F. & M. Ins. Co., 68 Minn. 335; Lum v. U. S., 104 Mich. 397; McCormick v. Royal, 163 Pa. St. 184; Omaha v. Dierks, 43 Neb. 473; Phœnix Co. v. Taylor, 5 Minn. 393 (492); Newman v. Springfield F. & M. Ins. Co., 17 Minn. 98 (123); Hand v. National L. S. Ins. Co., 57 Minn. 519; Hayes v. Milford, 170 Mass. 492. The answer did not allege facts sufficient to raise the question of arbitration under the provisions of the policy. 11 Enc. Pl. & Pr. 824; Sussex v. Woodruff, 26 N. J. L. 541; American Employers' L. Ins. Co. v. Barr, 32 U. S. App. 444.

BROWN, J.

This is an action to recover upon a fire insurance policy issued by defendant to plaintiff, covering a stock of general merchandise. Plaintiff had a verdict in the court below. Defendant moved the court for judgment notwithstanding such verdict, or for a new trial, which was denied, and it appeals from the judgment entered on the verdict. Appellant assigns some thirty errors, but counsel have classified them under seven propositions, and we will consider them as so classified. There is no question but that plaintiff sustained a loss under his policy, and no doubt about the liability of defendant, unless it is relieved by some of the matters set up in defense.

1. It is claimed that proof of loss was not furnished by plaintiff within the time required by the terms of the policy. The provision of the policy on this subject is as follows:

"In case of any loss or damage under this policy, a statement in writing, signed and sworn to by the insured, shall be forthwith rendered to the company."

The property insured was destroyed by fire on August 4, 1897. Proof of loss was forwarded to defendant on the 31st of the same month, and defendant's contention is that this was not "forthwith," within the meaning of the contract. At the time the policy was issued, and at the time of the fire also, plaintiff was a resident of the state of Illinois. His son had charge of the insured property, and was conducting a general mercantile business in his father's name in this state, at Okabena, Jackson county. Immediately after the fire, he notified the company thereof, and an adjuster soon after appeared, and made some sort of an examination and investigation into the matter. The adjuster was informed that plaintiff resided in the state of Illinois, and was not then in this state, and he suggested to the son that proper proof of loss be made out, and forwarded to the company as soon as the father should reach the state, and the son agreed that it should be done.

The provision of the policy requiring proof of loss to be rendered to the company forthwith must be construed as requiring it within a reasonable time. Sorenson v. Swensen, 55 Minn. 58, 56 N. W. 350; 13 Am. & Eng. Enc. 1157. And the question whether the

proof was furnished within such time was a question for the jury to determine upon all the evidence in the case. Roberts v. Mazeppa Mill Co., 30 Minn. 413, 15 N. W. 680; Cochran v. Toher, 14 Minn. 293 (385). Defendant had immediate notice of the fire, though it was not in form of properly executed proof, and had full and ample opportunity to examine into the circumstances of the fire, and there is no suggestion that it was in any way prejudiced by the delay in furnishing the formal proof. The object, or at least one of the objects, in requiring immediate or forthwith proof of loss, is to give ample opportunity to the company to investigate into the cause of the fire and the nature and extent of the loss, and make such other investigation and inquiry as a long delay might render futile and fruitless. Defendant was not deprived of the opportunity of early action in this instance, and we sustain the finding of the jury that formal proof of loss was furnished within a reasonable time after the fire.

2. It is contended by appellant that, because there was no arbitration fixing the amount of the loss, as required by the terms of the policy and by Laws 1895, c. 175, § 53, plaintiff's action was prematurely brought, and he cannot recover. The provisions of the policy on this subject are as follows:

"In case of any loss or damage the company, within sixty days after the insured shall have submitted a statement as provided in the preceding clause, shall either pay the amount for which it shall be liable, which amount, if not agreed upon, shall be ascertained by award of referees, as hereinafter provided. * * * In case of loss, except in case of total loss on buildings, under this policy, and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other and the third being selected by the two so chosen; the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such referees [reference], unless waived by the parties shall be a condition precedent to any right of action in law or equity to recover for such loss."

The statute referred to is, in substance, the same. It provides that the amount of the loss, if not agreed upon, shall be submitted to arbitration. The position of appellant on this question is that

arbitration is a condition precedent to the right to sue on the policy, unless it expressly appears that the parties have mutually agreed upon the amount of the loss; in other words, or expressed differently, that it must appear that the parties have mutually agreed upon the amount of the loss, or, if it does not so appear, an arbitration must be had, before suit can be brought. We cannot adopt this construction.᾽ Giving the policy a broad and liberal construction, we interpret it to mean that, when the parties are unable to agree upon the amount of the loss, the question of such amount shall be submitted to arbitration. Until there is some disagreement as to the amount of the loss, there is no occasion for any arbitration; there is nothing to arbitrate.

In this case the proof of loss furnished defendant specified the amount claimed by plaintiff. Defendant made no objection there-to, and, after the lapse of sixty days, plaintiff brought this action. Defendant, having made no objection to the amount claimed by plaintiff, must be taken to have acquiesced therein; at least it must be held that, inasmuch as no objection was made to the amount claimed, there was nothing to found an arbitration upon, and none was necessary. This construction is in harmony with the objects and purposes of the law and the terms of the policy, and we adopt it as the most reasonable and consistent. Schrepfer v. Rockford Ins. Co., 77 Minn. 291, 79 N. W. 1005; Vangindertaelen v. Phenix, 82 Wis. 112, 51 N. W. 1122; Hickerson v. Insurance, 96 Tenn. 193, 33 S. W. 1041.

3. The policy contains a provision to the effect that the insured shall make all reasonable exertions to save the insured property in case of fire, and appellant claims that plaintiff failed to comply therewith. The complaint does not allege a compliance by the plaintiff with this provision, but the answer alleges a failure to comply with it. At the trial the court instructed the jury that the burden was upon the defendant to show a breach of the terms of the policy in this respect. This instruction was excepted to by defendant, and is assigned as error. The instruction was correct. It is undoubtedly the duty of the insured fully to comply with the terms of his policy, not only in respect to a provision of this kind, but in all other respects as well, and a wilful failure to do so will

defeat a recovery. But the terms of this policy do not require the insured to show, as a condition precedent to his right of action, a compliance with such provision, and we are not aware of any rule of pleading or practice that casts such burden upon him. A breach of the contract in this particular is new matter constituting a defense to the action, and must be pleaded and proven by the defendant.

4. The claim that the verdict is some $62 too large cannot be considered on this appeal, because it does not appear to have been called to the attention of the court below. Bank of Commerce v. Smith, 57 Minn. 374, 59 N. W. 311.

5. We have examined all the other assignments of error, and find no error of sufficient importance to justify a reversal. The charge of the learned trial judge, to which some exceptions were taken, was a very full, fair, and clear statement of the issues, was in line with the law as we have here announced it, and contains no error.

Judgment affirmed, but without prejudice to the right of appellant to apply to the court below for a modification of the judgment as to the $62.