■ JOSEPH YACCARINO, Respondent, v ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant.—In an action to recover the proceeds of a policy of fire insurance, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated December 18, 1987, as (1) denied the defendant's motion for summary judgment, and (2) granted those branches of the plaintiff's cross motion which were to strike the defendant's third, fifth and eighth affirmative defenses.

Ordered that the order is modified, by deleting the provision thereof which granted that branch of the plaintiff's cross motion which was to strike defendant's eighth affirmative defense, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On March 1, 1983, the defendant issued an insurance policy to the plaintiff Joseph Yaccarino, and to Fred P. Goldhirsh. The policy covered premises in Staten Island, New York, against loss due to fire for the period from March 1, 1983 to March 1, 1984. On September 5, 1983, the premises was allegedly destroyed by fire. At that time, Goldhirsh was the owner of the property and the plaintiff was the tenant of the building with an option to buy.

The insurance policy conditioned recovery upon the insured's compliance with certain requests by the insurer, specifically the obligation to furnish the insurer with a signed and sworn proof of loss statement within 60 days of the insurer's request. The policy further provided that "no action" could be brought to recover policy proceeds unless there had been compliance with the policy provisions.

By letter dated November 7, 1983, the defendant requested a proof of loss statement from the plaintiff. Enclosed with the letter were four blank proof of loss forms and a reminder that a proof of loss form had to be returned within 60 days.

Thereafter, the defendant received a letter from Rosen Adjusters, a firm retained by the plaintiff, and a proof of loss form signed by the plaintiff. That statement was rejected by the defendant and the plaintiff's time to file a proper proof of loss was extended. The plaintiff subsequently submitted a second proof of loss statement two days after the expiration of the extended time period. The coinsured Fred P. Goldhirsh never filed a proof of loss statement in response to the defendant's request.

The defendant contends that the third affirmative defense that the plaintiff failed to timely file a proof of loss statement in accordance with the insurance policy and Insurance Law § 3407 was improperly stricken. It is well settled that the failure to timely file a proof of loss statement constitutes an absolute defense to an action to recover the proceeds of an insurance policy, absent a waiver of the requirement or conduct by the insurer estopping it from asserting the defense (see, Marino Constr. Corp. v INA Underwriters Ins. Co., 69 NY2d 798, 800; Aryeh v Westchester Fire Ins. Co., 138 AD2d 337, 338). It is clear here that the plaintiff did, in fact, file a sworn proof of loss statement with the defendant within 60 days of his receipt of the defendant's notice. Although that statement was rejected by the defendant based upon allegedly improper responses, the fact remains that it was sworn to by the plaintiff and was returned in a timely manner (cf., Peabody v Satterlee, 166 NY 174).

The defendant further contends that inadequate responses by the plaintiff render his proof of loss statement invalid. As a general rule, notice and proof requirements are liberally construed in favor of the insured (see, Wachtel v Equitable Life Assur. Socy., 266 NY 345, 351). Accordingly, substantial rather than strict compliance with the provisions for proof of loss statements is all that is required (see, Della Porta v Hartford Fire Ins. Co., 118 AD2d 1045; Ninth Fed. Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn., 99 AD2d 456). As the information provided by the plaintiff substantially complied with the requisite provisions, we find that the defendant's third affirmative defense was properly stricken.

However, the court erred in striking the defendant's eighth

affirmative defense which asserted that the failure of the coinsured Goldhirsh to file a proof of loss statement precluded the plaintiff from seeking damages to the extent that such damages were based on an alleged assignment of Goldhirsh's interests to the plaintiff. The plaintiff and Goldhirsh, as tenant and owner respectively, have different insurable interests in the subject premises. Thus, a proof of loss statement submitted by one of them would not be binding on the other as it would be if they were co-owners of the insured property *(see, Walsh v Washington Mar. Ins. Co.,* 32 NY 427).

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Bracken and Kunzeman, JJ., concur.