NATHE BROTHERS, INC., Appellant,

v.

AMERICAN NATIONAL FIRE
INSURANCE COMPANY,
et al., Respondents.

No. C5–98–2328.

Court of Appeals of Minnesota.

July 27, 1999.

Jeffrey S. Sheridan, Aaron T. Stone, Strandemo & Sheridan, P.A., Inver Grove Heights, for appellant.

Charles J. Noel, Jennifer Kjos Fackler, Charles J. Noel & Associates, P.A., St. Paul, for respondent.

Considered and decided by LANSING, Presiding Judge, KALITOWSKI, Judge, and SCHULTZ,* Judge.

## OPINION

LANSING, Judge

The district court entered summary judgment under Minn.Stat. § 65A.01, subd. 3 (1996) against Nathe Brothers, Inc., for failing to file a sworn proof of loss within the 60–day period required by the statute and American National Fire Insurance Company's commercial insurance policy. The insurance policy provides that timely filing of proof of loss is a condition precedent to recovery, and American National did not waive the proof-of-loss requirement. We affirm.

## FACTS

Nathe Brothers, Inc., purchased a commercial insurance policy from American National Fire Insurance for a restaurant. Shortly after issuance of the policy, a rainstorm damaged the restaurant's roof. American National inspected the damage and informed Nathe that coverage would be limited because of a policy restriction.

On January 30, 1997, American National informed Nathe it must submit a sworn statement in proof of loss within 60 days of that date if Nathe disagreed with American National's assessment of coverage. American National enclosed a blank proof-of-loss form with the letter. On February 14, 1997, Nathe submitted, as proof of loss, an unsigned letter that contained no information specifying its title or other interest, and included no supporting documentation for the origin, value, or amount of damage to the restaurant. Nathe's letter, however, contained information relating to the nature and basis of its claim, pointed to specific policy language supporting the claim, and listed a specific amount of claimed property damage and loss of business income.

On February 21, 1997, American National informed Nathe it must submit a properly executed proof-of-loss form if it intended to contest American National's coverage assessment. On April 24, 1997, 84 days after American National's request, Nathe submitted a signed and sworn proof-of-loss form containing the required information. American National was not prejudiced by Nathe's delay in submitting proof of loss.

The district court granted American National's motion for summary judgment, relying on Minn.Stat. § 65A.01, subd. 3, and the language contained in the policy, both of which require a properly executed proof of loss to be submitted within 60 days of the insurer's request. Nathe appeals, arguing that (1) neither the statute nor the policy contemplates forfeiture of coverage when proof of loss is not filed within 60 days of demand, and substantial compliance with the statutory time period is sufficient; and (2) American National waived the proof-of-loss requirement.

## ISSUES

I. Does Nathe's failure to comply with Minn.Stat. § 65A.01, subd. 3, and

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

the policy language, by not providing a properly executed proof of loss within 60 days of American National's request, prevent Nathe from recovering under the insurance policy?

II. Did American National waive the proof-of-loss requirement?

## ANALYSIS

### I

█ Interpretation of an insurance policy and its application to undisputed facts are questions of law, reviewed de novo. *Watson v. United Servs. Auto Ass'n*, 566 N.W.2d 683, 688 (Minn.1997). The interpretation of a statute is also a question of law accorded a de novo standard of review. *Wynkoop v. Carpenter*, 574 N.W.2d 422, 425 (Minn.1998).

█ Minnesota's standard commercial fire-insurance policy provides that an action for recovery of an insurance claim may be conditioned on notice and statement of loss:

In case of any loss under this policy the insured shall give immediate written notice to this company of any loss, protect the property from further damage, and a statement in writing, signed and sworn to by the insured, shall within 60 days be rendered to the company, setting forth the value of the property insured * * *.

\* \* \* \*

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy have been complied with, and unless commenced within two years after inception of the loss.

Minn.Stat. § 65A.01, subd. 3(c) (1996). Before 1955, the statute did not include a specific time limit for submitting a loss statement; it required only that proof of loss be furnished "forthwith." *See* Minn. Stat. § 65.01 (1953). In 1955 the legislature amended the statute to require proof of loss "within 60 days." 1955 Minn. Laws ch. 482, § 1; *see* Minn.Stat. § 65.011 (1957). The policy that American National issued Nathe is based on the statutory standard policy and instructs the policyholder to send a signed, sworn statement of loss within 60 days:

You must see that the following are done in the event of loss or damage to Covered Property:

\* \* \* \*

(8) Send us a signed, sworn statement of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

The policy also explains that the right to sue is conditioned on submitting the statement of loss:

No one may bring a legal action against us under this Coverage Part unless: (1) There has been full compliance with all of the terms of this Coverage Part; and (2) The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

Although no published caselaw in Minnesota has construed these exact provisions, a plain reading of the policy and the statute compels the conclusion that the insured, as a precondition to suing for benefits, must provide signed and sworn proof of loss within 60 days of the insurer's request. *Accord Yaccarino v. St. Paul Fire & Marine Ins. Co.*, 150 A.D.2d 771, 542 N.Y.S.2d 660, 661 (App.Div.1989) ("It is well settled that the failure to timely file a proof of loss statement constitutes an absolute defense to an action to recover the proceeds of an insurance policy, absent a waiver of the requirement or conduct by the insurer estopping it from asserting the defense.") (citations omitted); *see also Engel v. American Family Mut. Ins. Co.*, 455 N.W.2d 486, 488 (Minn.App.1990) (plain language of automobile insurance policy

compels conclusion that insured must report accident within six months or be barred from suit), *review denied* (Minn. July 13, 1990).

■ Both American National and Nathe dedicated substantial portions of their briefs to a discussion of *Schmitt v. Mutual Serv. Cas. Ins. Co.*, No. C4–95–748, 1995 WL 507623 (Minn.App. Aug.29, 1995) (failure to provide sworn proof of loss within statutory and policy period was absolute bar to recovery under standard homeowners' fire insurance policy). As an unpublished opinion, *Schmitt* is not precedential. Minn.Stat. § 480A.08, subd. 3(c) (1996); *Dynamic Air, Inc. v. Bloch*, 502 N.W.2d 796, 800–01 (Minn.App.1993). Nathe argues that *Schmitt* is relevant not for its precedential effect, but to demonstrate that this court's decision in *Schmitt* triggered a legislative response that modified proof-of-loss requirements in Minnesota's standard homeowner's insurance policy. *See* Hearing on S.F. No. 1622 Before the Senate Committee on Commerce and Consumer Protection (Jan. 29, 1996) (referring to effect of *Schmitt*). The 1996 legislature amended the statutory standard homeowner's insurance policy to provide that a failure to furnish timely proof of a loss bars recovery if the insured received notice from the insurer that proof of loss was required, *unless* the insured demonstrates good cause for failure to comply with the requirement. 1996 Minn. Laws ch. 285, § 1; *see* Minn.Stat. § 65A.296, subd. 2(1) (1996).

Nathe has not shown good cause for failing to comply with the 60–day requirement; thus, we need not consider whether the legislature's modification of the standard homeowner's insurance policy is indicative of an intent to modify the proof-of-loss requirement in the context of commercial fire insurance. We note, however, that providing a timely and conforming proof-of-loss statement may be significantly more burdensome to an individual homeowner than to a commercial entity, and the financial risks to the insurer in the context of a commercial policy are generally higher, justifying a greater concern for strict compliance. Most significantly, the legislature did not enact a provision in the standard commercial policy that parallels the exception in the standard homeowner's policy.

■ We adhere to the rule expressed in earlier Minnesota cases that a commercial insurance policy requiring timely proof of loss as a condition precedent to recovery is enforceable. *See Sterling State Bank v. Virginia Sur. Co.*, 285 Minn. 348, 354–55, 173 N.W.2d 342, 346 (1969) (noncompliance with condition precedent of proof of loss is "fatal to recovery" under theft-insurance policy); *see also Shapiro v. Western Home Ins. Co.*, 51 Minn. 239, 53 N.W. 463 (1892) (enforcing fire-insurance policy requirement that proof of loss be provided within 60 days as condition precedent to the right of recovery); *Bowlin v. Hekla Fire Ins. Co.*, 36 Minn. 433, 31 N.W. 859 (1887) (same for 30–day requirement, unless waiver could be shown). Although courts are reluctant to construe proof-of-loss requirements as providing for forfeiture, the policy language unambiguously provides that the insured may not bring suit unless all the policy provisions are complied with and thus acts as a condition precedent to recovery. *See Sterling State Bank*, 285 Minn. at 351, 173 N.W.2d at 344 (finding similar policy provision condition precedent to recovery).

■ Nathe suggests that it "substantially complied" with the proof-of-loss requirement by submitting its February 14, 1997, letter. The letter, however, was not signed by the insured and omitted statutorily required information. We do not rule out the possibility that substantial compliance may, in certain cases, satisfy the proof-of-loss requirement, but this is not such a case. Nathe is a commercial entity that was, at all times, represented by counsel. American National did nothing to lull Nathe into inaction, nor did it imply that substantial compliance would suffice. Nathe's failure to comply with the statuto-

ry and policy provisions governing timely proof of loss prevents its recovery under the insurance policy.

## II

The district court did not specifically address the question of waiver, although both Nathe and American National apparently presented written arguments on the issue of waiver. The district court may reasonably have concluded that the facts did not adequately support Nathe's claim that American National waived its right to receive proof of loss. *See Lubbers v. Anderson,* 539 N.W.2d 398, 401 (Minn. 1995) (summary judgment is appropriate against claimant who failed to establish elements of claim). In each of American National's five letters to Nathe, the adjuster indicated that the company was acting under an absolute reservation of rights and that nothing in its communications should be construed as a waiver of any right. In one letter, American National requested proof of loss within 60 days and, in another, the company reminded Nathe that a properly executed proof of loss must be timely submitted. *Cf. First Nat'l Bank of Devil's Lake v. American Cent. Ins. Co.,* 58 Minn. 492, 60 N.W. 345 (1894) (receiving and retaining proofs of loss without objecting to their sufficiency is a waiver of the objection); W.E. Shipley, Annotation, *Insurer's Demand for Additional or Corrected Proof of Loss as Waiver or Estoppel as to Right to Assert Contractual Limitation Provision, or as Suspending Running Thereof,* 15 A.L.R.2d 955 (1951) (observing that insurer's request for additional information generally results in finding of waiver only when insurer induces insured to forgo, until too late, institution of legal action, or request for further proof made after suit already barred).

On these facts, Nathe has not shown sufficient evidence of waiver to withstand a summary judgment motion. But we note that our holding is based on the specific facts of this case. We are not asked to determine the effect of a factually based claim of waiver or estoppel. The general rule remains that there may be an express or implied waiver of proof of loss and that a "waiver may be inferred from any words or conduct of the insurer's authorized officers or agents" if the words or conduct evince an intention to forgo a proof of loss or an intention to lead the insured to believe that proof of loss is unnecessary. *Reliance Motor Co. v. St. Paul Fire & Marine Ins. Co.,* 165 Minn. 442, 444, 206 N.W. 655, 656 (1926) (citations omitted); *see also Wright v. Mutual Benefit Health & Accident Ass'n,* 249 Minn. 91, 97, 81 N.W.2d 610, 614 (1957) (discussing waiver).

## DECISION

Nathe failed to satisfy a condition precedent to recovery under its standard commercial fire insurance policy when it failed to provide a sworn proof of loss within 60 days of American National's request. Nathe has not provided sufficient evidence of waiver to withstand summary judgment.

**Affirmed.**