■ ALLEN DELAINE, Respondent, v FINGER LAKES FIRE & CASUALTY Co., Appellant. (Appeal No. 1.) [806 NYS2d 320]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered August 25, 2004. The order denied defendant's motion for summary judgment dismissing the complaint and sua sponte dismissed the first, second, third, seventh and ninth affirmative defenses.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by reinstating the third and ninth affirmative defenses and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover proceeds under a policy of insurance issued by defendant covering a residence damaged by a fire on June 1, 2000 and destroyed by a second fire on June 6, 2000. Defendant denied coverage based upon, inter alia, plaintiff's alleged failure to comply with policy requirements with respect to cooperation, proof of loss, protection of the covered property and prompt notice. Those bases for denying coverage correspond to four of the nine affirmative defenses asserted in the answer and are the grounds supporting defendant's motion for summary judgment dismissing the complaint.

In appeal No. 1, Supreme Court properly denied the motion based upon the failure of defendant to satisfy its burden of establishing entitlement to judgment as a matter of law (*see* CPLR 3212 [b]). Although plaintiff did not cross-move for such relief, the court in effect granted partial summary judgment to plaintiff sua sponte, dismissing the first, second, third, seventh and ninth affirmative defenses. The court has the power to search the record and grant partial summary judgment to plaintiff, but "only with respect to [an affirmative defense] or issue that is the subject of the motions before the court" (*Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430 [1996]). Because defendant did not seek summary judgment based upon its ninth affirmative defense, alleging that it has no obligation to provide coverage because the insured property was vacant for more than 30 days prior to the first fire, the court erred in granting partial summary judgment dismissing that affirmative defense (*see Sullivan v Troser Mgt., Inc.*, 15 AD3d 1011, 1012 [2005]). The court also erred in granting partial summary judgment dismissing the third affirmative defense, alleging that plaintiff breached his obligation under the policy to take reasonable steps to protect and secure the covered property following the first fire. Upon our review of the record, we conclude that there are triable issues of fact with respect to that affirmative defense (*see generally Fadel v Colonial Indem. Ins. Co.*, 227 AD2d 950 [1996]). Thus, we modify the order in appeal No. 1 accordingly.

We further conclude, however, that the court properly granted partial summary judgment dismissing the first affirmative defense, alleging that plaintiff breached his obligation under the policy to cooperate with defendant's investigation and evaluation of plaintiff's claims. The refusal of plaintiff to answer certain questions at his examination under oath does not constitute a "willful and avowed obstruction" or a "substantial and material" breach of his obligation to cooperate, particularly where plaintiff ultimately provided the information sought by defendant at that examination (*Matter of Garcia v Abrams*, 98 AD2d 871, 872 [1983]; *see 10 Park Sq. Assoc. v Travelers [Travelers Ins. Cos.]* [appeal No. 2], 288 AD2d 828, 830 [2001]). The court also properly granted partial summary judgment dismissing the second affirmative defense, alleging plaintiff's failure to provide proofs of loss. The record establishes that plaintiff substantially complied with the policy's proof of loss requirement (*see DeSantis v Dryden Mut. Ins. Co.*, 241 AD2d 916, 916-917 [1997]; *Yaccarino v St. Paul Fire & Mar. Ins. Co.*, 150 AD2d 771, 772 [1989]; *P.S. Auctions v Exchange Mut. Ins. Co.*, 105 AD2d 473, 474-475 [1984]). Finally, with respect to the order in appeal No. 1, the court properly granted partial sum-

mary judgment dismissing the seventh affirmative defense, alleging that plaintiff failed to provide defendant with timely notice of the first fire. The court properly determined as a matter of law that plaintiff's six-day delay in providing notice was not unreasonable under the circumstances of this case (*see generally* 2 NY PJI2d 934 [2005]).

In appeal No. 2, we reject defendant's contention that the court erred in transferring the action to Buffalo City Court without providing that the relief sought would be subject to the monetary jurisdiction of that court. Such a proviso is contrary to the express terms of CPLR 325 (d) (*see generally Samuels v Cauldwell-Wingate Co.*, 262 AD2d 178, 179 [1999]). Present—Green, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.