# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2769

_____

James Prisk,

*Plaintiff - Appellee*,

v.

Travelers Indemnity Company of America,

*Defendant - Appellant*,

------------------------------

American Property Casualty Insurance Association,

*Amicus on Behalf of Appellant(s)*,

Minnesota Association for Justice

*Amicus on Behalf of Appellee(s)*.
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: June 13, 2023
Filed: August 25, 2023
_____

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

James Prisk sued Travelers Indemnity Company of America, seeking a declaration that an insurance policy between Travelers and the City of Hermantown authorizes up to $2,000,000 in coverage for his tort claim against the city. The district court granted summary judgment for Prisk, and Travelers appeals. We conclude that the insurance policy limits the amount of Prisk's recovery to $500,000, and therefore reverse the judgment.

In May 2020, Prisk was riding his bicycle in Hermantown when he was struck and injured by a vehicle owned by the city and driven by a city employee. At the time of the accident, Travelers insured Hermantown.

Prisk sued Travelers in Minnesota state court, seeking a declaratory judgment as to the amount of liability insurance available for his claim of bodily injury under Hermantown's automobile insurance policy with Travelers. Travelers removed the suit to federal court. The parties stipulated that there were no facts in dispute, and that discovery was not necessary to determine the amount of insurance recoverable under the policy.

Both parties then moved for summary judgment. Prisk asserted that he may recover up to $2,000,000 under the policy. Travelers argued that the policy provides a coverage limit of $500,000 for claims, like Prisk's, that are subject to Minnesota's limit on municipal tort liability. *See* Minn. Stat. § 466.04. Travelers acknowledged a coverage limit of $2,000,000 for claims that are not subject to the statutory limit.

The district court granted summary judgment for Prisk. The court ruled that Hermantown waived the statutory limit on municipal tort liability when it purchased $2,000,000 in insurance coverage from Travelers, *see* Minn. Stat. § 466.06, and that

the policy therefore authorizes up to $2,000,000 for Prisk's claim. We review the district court's interpretation of the insurance policy *de novo* and apply Minnesota substantive law. *Rest. Recycling, LLC v. Emp. Mut. Cas. Co.*, 922 F.3d 414, 417 (8th Cir. 2019).

Insurance policies are interpreted according to general principles of contract law. *Nathe Bros., Inc. v. Am. Nat'l Fire Ins. Co.*, 615 N.W.2d 341, 344 (Minn. 2000). "The well-settled general rule in the construction of insurance contracts" is that "parties are free to contract as they desire, and so long as coverage required by law is not omitted and policy provisions do not contravene applicable statutes, the extent of the insurer's liability is governed by the contract entered into." *Am. Fam. Mut. Ins. Co. v. Ryan*, 330 N.W.2d 113, 115 (Minn. 1983). "The provisions of an insurance policy are to be interpreted according to plain, ordinary sense so as to effectuate the intention of the parties," and "should be construed according to what a reasonable person in the position of the insured would have understood the words to mean." *Canadian Universal Ins. Co. v. Fire Watch, Inc.*, 258 N.W.2d 570, 572 (Minn. 1977). An endorsement to an insurance policy is part of the contract, and must be construed together with the policy to give effect to all provisions. *Emps. Mut. Co. v. Oppidan*, 518 N.W.2d 33, 36 (Minn. 1994). An endorsement governs over a conflicting provision in the policy. *Bobich v. Oja*, 104 N.W.2d 19, 24 (Minn. 1960).

Under Minnesota law, a municipality is liable for its torts and those of its employees acting within the scope of their employment. Minn. Stat. § 466.02. A municipality's tort liability to any individual claimant is capped at $500,000. *Id.* § 466.04, subdiv. 1(a)(3). But a municipality may obtain insurance coverage for damages "in excess of the limit of liability imposed by section 466.04," and procurement of such insurance waives the statutory limit of liability. *Id.* § 466.06; *see Casper v. City of Stacy*, 473 N.W.2d 902, 904-05 (Minn. Ct. App. 1991).

Hermantown's automobile insurance policy with Travelers provides that Travelers "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' . . . caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" A provision in the policy entitled "Limit of Insurance" states that "the most [Travelers] will pay" is contained in the policy's declarations. The declarations page, in turn, provides that "[t]he most [Travelers] will pay for any one accident or loss" is $2,000,000.

An endorsement to the policy, entitled "Statutory Cap Limits of Insurance Endorsement - Minnesota," expressly modifies the coverage limit stated on the declarations page. The endorsement provides that the limit of insurance is $500,000 for damages (1) "[r]esulting from any one 'accident' and sustained by any one person or organization that is determined to be a claimant under . . . Minnesota Statute Section 466.04" and (2) that "are subject to Minnesota's statutory cap on damages for governmental tort liability in . . . Minnesota Statute Section 466.04."

The parties offer competing interpretations of the coverage limits contained in the policy. Prisk contends that he is entitled to recover up to $2,000,000. He maintains that although Minnesota law caps municipal tort liability at $500,000, Hermantown waived the limit by purchasing insurance coverage in excess of $500,000.

Travelers acknowledges that the policy provides for coverage up to $2,000,000 for certain claims, but argues that the endorsement establishes a $500,000 coverage limit for claims subject to Minnesota's statutory cap on municipal tort liability. Travelers maintains that the policy therefore provides two coverage limits: a $500,000 limit for claims which are subject to the municipal tort cap, and a $2,000,000 limit for claims not subject to the cap. Travelers argues that because the policy provides two coverage limits, Hermantown did not waive the statutory limit on municipal tort liability.

We conclude that the insurance policy authorizes coverage up to only $500,000 for Prisk's claim. The policy provides different limits for different types of liabilities. The policy provides a coverage limit of $2,000,000 for claims not subject to the statutory limit set forth in Minn. Stat. § 466.04. For example, if a claim against a Minnesota municipality is a federal tort claim or is governed by the law of a different state, then the limit would be $2,000,000. *Cf. Reimer v. City of Crookston,* No. 00-370, 2003 WL 22703218, at *4 n.1 (D. Minn. Nov. 13, 2003); *City of Red Wing v. Ellsworth Cmty. Sch. Dist.*, 617 N.W.2d 602, 606-07 (Minn. Ct. App. 2000). But for claims subject to the statutory limit in § 466.04, the endorsement expressly limits coverage to $500,000. The substance of this contractual arrangement is no different than if the parties agreed on two separate policies for the two different types of liability.

Prisk's claim for injuries arising from an automobile accident in Hermantown is subject to Minnesota's $500,000 cap on municipal tort liability. *See* Minn. Stat. §§ 466.02, 466.04. Under the plain language of the endorsement to the insurance contract, Prisk may recover only up to $500,000. Hermantown thus has not procured insurance that provides coverage in excess of the liability limit set forth in Minn. Stat. § 466.04. Accordingly, the policy does not trigger the waiver of the limits of governmental liability under Minn. Stat. § 466.06.

Prisk suggests that the endorsement to the insurance policy is analogous to the policy provision at issue in *Frazier v. Bickford*, No. 14-cv-3843, 2015 WL 6082734 (D. Minn. Oct. 15, 2015). The policy in that case provided coverage up to $5,000,000, and thus in excess of the $500,000 statutory cap on municipal tort liability. The policy then included a "non-waiver provision" stating that nothing in the policy "shall be deemed a waiver of any statutory immunity or limitation of liability." *Id.* at *1-2. The district court ruled that the mere act of procuring insurance in excess of the statutory caps constitutes a waiver of the statutory limit.

The court concluded that the contracting parties could not nullify that waiver by including a "non-waiver provision" in the policy.  *Id.* at *7, 12.

We need not express a view on the *Frazier* decision because its reasoning is inapplicable here.  The municipality in this case did not procure insurance in excess of the statutory cap for claims like Prisk's.  The endorsement specifically limits the amount of insurance coverage procured to $500,000 per accident of this type.  Therefore, the policy limit of $500,000 is valid and enforceable.

For these reasons, the judgment of the district court is reversed, and the case is remanded with directions to enter judgment for Travelers.

_____